

OPINION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 2 1 2013

David J. Bradley, Clerk of Court

DANIEL GOMEZ, §
   *Plaintiff,* §
  §
v. §   CIVIL ACTION NO. B-11-187
  §
FELIX TAMEZ, §
   *Defendant.* §

## OPINION AND ORDER

On September 17, 2013, this Court issued an Order to Show Cause ("OSC") directing

Plaintiff Daniel Gomez to show cause as to why this 42 U.S.C. § 1983 lawsuit should not be

dismissed. *See* Docket Entry ("DE") 70 at 1.[1] Gomez was ordered to comply by October 17,

2013. *Id.* The OSC directed Gomez to file a pleading identifying the evidence he has to support

the claims he has asserted against Defendant Felix Tamez.[2] The OSC also directed Gomez to

identify the discovery he has conducted, if any, and to submit copies of all documents supporting

his claims against Defendant by October 17, 2013. The OSC warned Gomez that a failure to

comply would result in the dismissal of his case with prejudice. *Id.* at 1-4.

Gomez has not complied with the OSC. He has failed to file anything showing cause as

to why his lawsuit should not be dismissed. He has identified no evidence in support of his

claims, nor has he identified any conducted discovery. In fact, it appears that Gomez's first

*attempt* to serve Tamez with discovery requests did not occur until September 23, 2013. *See* DE

---

[1] This case was assigned for all purposes to the undersigned Magistrate Judge with the consent of the parties pursuant to 28 U.S.C. § 636(c). *See* DE 44.

[2] In short, Gomez alleges that Tamez beat and injured him while he was incarcerated and Tamez was working as a guard at Willacy County Jail. DE 1 at 3-4.

79 at 3 (containing Gomez's "First Set of Interrogatorie's to Defendant") (grammatical errors in original).

This apparent first attempt at serving discovery is too little, too late. Pursuant to the Scheduling Order that was in place prior to the issuance of the OSC, discovery was to be completed by July 19, 2013. DE 41. Dispositive motions were due by August 2, 2013, and the joint pretrial order was due on September 16, 2013. The Scheduling Order also specifically stated that Gomez was "responsible for filing the pretrial order on time." *Id.* Gomez failed to submit the pretrial order, and he has otherwise failed to properly move for judgment in his favor.

The Court has repeatedly warned Gomez that he must follow the applicable rules, comply with applicable deadlines, and timely prosecute his case. The Court has also repeatedly informed Gomez that he must show good cause for relief he seeks and that he may not proceed by attempting to get the Court to prosecute his case for him. *See, e.g.,* DE 15, DE 27, DE 52, DE 58, DE 64, DE 70, DE 71. Gomez has failed to properly prosecute his lawsuit despite these repeated and detailed warnings. *See id.*

For example, despite being notified that he must support his motions with allegations factually sufficient to show that he is entitled to the relief he seeks, Gomez has submitted a "Motion to Subponea" asking the Court to "call witnesses before The court to Testify under oath." DE 76 (grammatical errors in original). Although this September 27, 2013 motion does, for the first time, identify the full or partial names of two alleged witnesses, the motion is otherwise untimely, unsupported, and improper. The Motion is **DENIED.**

This case has been pending for quite some time. Although Defendant Feliz Tamez has not filed any sort of motion seeking dismissal or judgment in his favor, and the Court has

allowed Tamez more than enough time to file such a motion, Judgment in his favor is now appropriate. The Court finds that Gomez's instant claims against Tamez are without factual or evidentiary support. Plaintiff Daniel Gomez's "Motion to Subpoena" (DE 76) is **DENIED**, and his instant lawsuit is **DISMISSED, with prejudice**. A separate judgment shall issue.

      **DONE at Brownsville, Texas this 21st day of October 2013.**

**Felix Recio**
**United States Magistrate Judge**